UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JAVIER SERRANO-LARRONDO,

       Petitioner,

v.

                                           Case No. 3:26-cv-261-MMH-LLL

WARDEN, BAKER COUNTY DETENTION
CENTER, and U.S. ATTORNEY GENERAL,

       Respondents.

_____

## ORDER

      Petitioner Javier Serrano-Larrondo initiated this action by filing a pro

se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (Doc. 1;

Petition). Serrano-Larrondo is currently being held in the Baker County

Correctional Institute by U.S. Immigration and Customs Enforcement (ICE).

According to Serrano-Larrondo, the immigration court ordered him removed

on November 22, 2025, ICE took him into custody on that same day, and he

did not file an appeal to the Board of Immigration Appeals. Id. at 3, 5. Serrano-

Larrondo contends that his continued detention is unlawful and requests the

Court order his immediate release. Id. at 6–8.

      In Zadvydas v. Davis, 533 U.S. 678, 690 (2001), the Supreme Court held

that indefinite detention of aliens raises serious constitutional concerns. Once

an order of removal is final, ICE should make every effort to remove the alien

within a reasonable time. Id. at 701. Further, the Court concluded that six months is a presumptively reasonable period to detain a removable alien awaiting deportation. Id. "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90-day removal period plus 90 days thereafter." Akinwale v. Ashcroft, 287 F.3d 1050, 1052 (11th Cir. 2002). After that six-month period has passed and the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the burden then shifts to the Government to provide evidence sufficient to rebut that showing. Id. (citing Zadvydas, 533 U.S. at 701). Thus, "in order to state a claim under Zadvydas the alien not only must show post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Akinwale, 287 F.3d at 1052.

Serrano-Larrondo's removal order became final, and his removal period began to run, on November 22, 2025. See 8 U.S.C. § 1231(a)(1)(B). Thus, his claim under Zadvydas is not yet ripe, and the Petition is premature. When Serrano-Larrondo's Zadvydas claim becomes ripe, he may file a new petition to seek discharge from custody while he awaits removal. Should he wish to file a new petition, Serrano-Larrondo must pay a filing fee of $5.00 or file a complete

2

motion to proceed in forma pauperis. Additionally, Serrano-Larrondo must use the form approved for use in the Middle District of Florida. See Local Rule 6.04(a) ("A pro se person in custody must use the standard form[.]").

Accordingly, it is **ORDERED**:

1.      The Petition (Doc. 1) is **DISMISSED without prejudice**.

2.      The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

3.      The **Clerk** shall send Serrano-Larrondo a habeas corpus petition under 28 U.S.C. § 2241 and an application to proceed in forma pauperis (prisoner filings).

**DONE AND ORDERED** at Jacksonville, Florida, this 11th day of March, 2026.

MARCIA MORALES HOWARD
United States District Judge

Jax-9 3/10
c:      Javier Serrano-Larrondo, A203522953

3